[No. 1900.]

THE ROSEBUD MINING & MILLING COMPANY v. HUGHES.

1. PLEADING—DEMURRER—SUFFICIENCY OF COMPLAINT.
If a complaint contains facts, well pleaded, sufficient to entitle the plaintiff to any relief, a demurrer will not be sustained upon the ground that it does not state facts sufficient to constitute a cause of action.

2. SAME—ATTORNEYS AT LAW—NEGLIGENCE—FAILURE TO APPEAL.
A complaint which alleges the employment of defendant, an attorney at law, to take a case for review from the trial court to a court of review and that plaintiff paid at defendant's instance a certain sum for preparing a bill of exceptions, and at defendant's request paid

him a certain sum which he claimed was necessary to cover expenses of taking the case up, and that defendant negligently failed to prosecute an appeal or sue out a writ of error within the time fixed by law, by reason of which plaintiff was deprived of the right to have the case reviewed, states a cause of action at least for the recovery of the sums paid for the bill of exceptions and other expenses and it was error to sustain a demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action.

*Appeal from the District Court of Arapahoe County.*

Mr. CLAY B. WHITFORD and Mr. H. A. LINDSLEY, for appellant.

Mr. BRANCH H. GILES and Mr. A. M. BERRY, for appellee.

WILSON, J.

It appears from the complaint that the plaintiff company brought a suit in the United States circuit court in Colorado against an insurance company to recover upon a policy for a loss by fire. The defendant herein was an attorney for the plaintiff in said suit. Judgment was against the plaintiff. Thereupon, it alleges that it employed the defendant to take the case for review to the United States circuit court of appeals ; that the defendant agreed so to do, and accepted such employment. The complaint further alleges that the defendant negligently failed to tender the bill of exceptions in the cause within the time allowed by the court, and negligently failed in any manner to sue out a writ of error, or to prosecute an appeal therein within the time fixed by law for that purpose, or at all, by reason of which the plaintiff lost its right to have the cause reviewed by the appellate court. The plaintiff further claims and alleges that at the instance of defendant it paid out the sum of $139 for costs of preparing the bill of exceptions, and that it also paid to defendant at his special request, the further sum of

$200, which he assured it was necessary to defray expenses of taking the case to the higher court. Plaintiff therefore prayed a judgment for damages suffered by it on account of the alleged negligence of defendant in an amount sufficient to cover the amount of the policy of insurance, which it claims that it would and should have recovered if the case had been reviewed by the appellate court; and also costs; and the aforesaid sums of $139 and $200, paid to defendant by plaintiff. Defendant demurred to the complaint on the single ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and the plaintiff electing to stand upon its complaint, judgment, was rendered in favor of defendant. From this, plaintiff appeals.

It is settled in this jurisdiction that if a complaint contains facts, well pleaded, sufficient to entitle the plaintiff to any relief, a demurrer will not be sustained upon the ground that it does not state facts sufficient to constitute a cause of action. *Herfort v. Cramer*, 7 Colo. 483; *Bayles v. Railway Co.*, 13 Colo. 196. The supreme court said in the case first cited, that in order to sustain a demurrer on this ground, the complaint " must present defects so substantial in their nature and so fatal in their character, as to authorize the court to say, taking all the facts to be admitted, that they furnish no cause of action whatever." Tested by this rule, we think that the court clearly erred in sustaining the demurrer. We are not required for the determination of this appeal, nor do we purpose expressing any opinion as to what is necessary to be alleged in the complaint in an action of this character in order to entitle the plaintiff to, or sustain a recovery of, unliquidated damages. Waiving all question as to this, the complaint unquestionably stated a cause of action for the recovery of the $139 paid for the bill of exceptions, and the $200 for other expenses of appeal. The defendant, according to the allegations of the complaint, was paid these sums of money for the express purpose of having the case taken to the court of appeals for review. It is immaterial, so far

as the right to the recovery of these sums is concerned, what the action of the court of appeals would have been. The plaintiff desired to have the case reviewed by that court, and paid these sums of money, it is alleged, for that specific purpose. Under the facts stated, plaintiff was entitled to recover back these sums, if the defendant negligently failed to comply with the terms of his employment.

For this reason, the judgment is reversed, and the cause will be remanded for further proceedings in accordance with this opinion, the plaintiff being permitted to amend its complaint as it may be advised.

*Reversed.*